UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X        11-CV-0715 (PGG)

JACQUES STERLIN,

                     Plaintiff,        VERIFIED
                                          COMPLAINT
   -against-                         AND DEMAND FOR
                                          A JURY TRIAL

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICERS
"JOHN DOE (1)-(4)", EACH SUED
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY,

                     Defendants.

--------------------------------------------------------X

    1.   This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and for unlawful imprisonment, harassment, intentional infliction of emotional distress, negligence and negligent hiring and/or retention of incompetent, unqualified, unfit and assaultive employees, by reason of the unlawful acts of defendants.

## JURISDICTION

    2.   This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

    3.   Plaintiff is a resident of New York City, Bronx County, State of New York.

    4.   At all times hereinafter mentioned, the Defendant New York City Police officers were employees of the defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as New York City Police Officers.

5. At all times, the defendant New York City owned and maintained the New York City Police Department ("NYPD") and employed the individual defendants sued herein.

6. That upon information and belief NYPD was responsible for the training of its officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8. That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

## FACTS

9. On or about November 10, 2009, at approximately 7:00 P.M., Plaintiff, a Muslim American dressed in distinctly Muslim garb, was walking on 102nd Street, between Amsterdam Avenue and Broadway, in Manhattan, when he was unjustifiably stopped by two plainclothes officers.

10. The officers showed plaintiff their badges, handcuffed him and placed him into an unmarked police van. They then drove him to another vehicle and placed him inside that vehicle for questioning.

11. The officers had taken plaintiff's backpack off his back and informed plaintiff that they were going to search it. Plaintiff stated it was okay for them to search it.

12. Defendants found no illegal contraband in the backpack, only plaintiff's blood pressure medication, his prayer books, body oil (used to pass over his hands before he prays), his discharge papers from the army and his driver's license.

13. They then proceeded to ask plaintiff various questions about why he was in the neighborhood and about his religion.

14. After plaintiff told the officers that he was, and after responding that he was a Muslim, they asked him if he knew what had happened at Fort Hood[1].

15. One particular officer continually stated that Muslims were killing Americans, and asked him what he knew about the shooting.

16. Plaintiff replied that he was sorry to hear about the shooting, and that he had actually been based at Fort Hood for a year and a half.

17. Then, a handcuffed woman was placed into the van with plaintiff.

18. At that point, plaintiff complained that he handcuffs were too tight, that they were cutting off his circulation, and that he was experiencing chest pain.

18. The officers told him to wait while they questioned the arrested woman.

19. Plaintiff began to feel dizzy, and felt himself gradually sink to the floor of the van.

20. Plaintiff was taken to the emergency room at St. Luke's Hospital, where he was given a battery of tests, and spent the night under observation.

21. The police only remained at the hospital for a short time. They told plaintiff he was not under arrest, and they left.

22. The next day plaintiff was released from the hospital.

23. A week later, plaintiff received further treatment at the VA Hospital in the Bronx for chest pains that were continuing to occur.

24. Plaintiff was admitted to the VA Hospital for observation as he was experiencing chest pains, weakness on his left side and high blood pressure.

25. As a result of this unlawful detention and interrogation, plaintiff's civil rights were violated, and plaintiff suffered various physical and psychological injuries.

26. Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and

---

[1] The Fort Hood shooting by a Muslim soldier killing 12 people and wounding 31 others occurred on November 5, 2009.

removing, when appropriate, unstable and violent officers from their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to use unlawful physical force, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

27. Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of the individual defendants was occurring, in that there may have been reports of such unlawful conduct by this specific officer, but failed to take appropriate steps to eliminate such unlawful acts.

28. Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

29. On January 6, 2010, a Notice of Claim was served upon the Defendant New York City, setting forth :

   1. The name and post office address of the Claimant and his attorney;

   2. The nature of the claim;

   3. The time when, the place where, and the manner in which the claim arose;

   4. The items of damages and injuries sustained so far as practicable.

30. The Notice of Claim was served upon the Defendants within 90 days after plaintiff's several causes of action accrued.

31. More than thirty days have elapsed since the Notices of Claims were served upon the City of New York.

32. New York City and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

33. On May 10, 2010, the Plaintiff submitted to an inquiry concerning the justness of his

claims as provided by § 50-H of the General Municipal Law.

34. This action has been commenced within one year and 90 days after Plaintiff's various cause of action have accrued.

35. Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

### AS AND FOR A FIRST CAUSE OF ACTION FOR FALSE ARREST

36. Plaintiff reiterates and realleges the facts stated in paragraphs 1-35 as if stated fully herein.

37. As a result of their actions, Defendants, under "Color of law", deprived Plaintiff of his right to freedom from deprivation of his liberty in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

38. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

39. As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

### SECOND CAUSE OF ACTION FOR EXCESSIVE FORCE

40. Plaintiff reiterates and realleges the facts stated in paragraphs 1-39 as if stated fully herein.

41. As a result of their actions, Defendants, under "Color of law", deprived Plaintiff of his right to freedom from the use of excessive and unreasonable force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

42. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or

by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

43. The Defendant officers either personally committed the acts of excessive force or unreasonably failed to intervene when other officers used excessive force against Plaintiff in their presence.

44. As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

### THIRD CAUSE OF ACTION FOR POLICY AND CUSTOM OF DELIBERATE INDIFFERENCE

45. Plaintiff reiterates and realleges the facts stated in paragraphs 1-43 as if stated fully herein.

46. Defendants, acting as municipal policymakers, in the hiring, training and supervision of the individual defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain. As such, defendants have violated plaintiff's right to freedom from the use of excessive and unreasonable force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

47. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants committed the unlawful acts referred to above and thus, Defendants are liable for Plaintiff's injuries.

### FOURTH CAUSE OF ACTION FOR VIOLATION OF EQUAL PROTECTION
(42 USC Sec. 1985 (3)

48. Plaintiff reiterates and realleges the facts stated in paragraphs 1-39 as if stated fully herein.

49. As a result of their actions, Defendants, under "color of law", conspired to deprive

Plaintiff of his right to freedom from the exercise of his religion, in that they unlawfully singled plaintiff out and seized him in violation of the First, Fifth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. sec. 1985(3).

50. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

51. The Defendant officers either ordered these unlawful acts to be committed by other under their command, or personally committed them, or personally observed such illegal acts by other officers and unreasonably failed to intervene.

52. As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

### VIOLATION OF STATE LAW: FALSE ARREST

53. Plaintiff reiterates and realleges the facts stated in paragraphs 1-52 as if stated fully herein.

54. Plaintiff while lawfully in Brooklyn, New York, was seized and falsely arrested and imprisoned without just cause, provocation, probable cause, or any valid reason, by agents, servants and/or employees.

55. These Defendant were employed by the Defendants City, and was acting within the scope of their employment, "under color of law", and on behalf of their employers, Defendant City.

56. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

### FIFTH CAUSE OF ACTION FOR VIOLATION OF STATE LAW: ASSAULT AND BATTERY

57. Plaintiff reiterates and realleges the facts stated in paragraphs 1-56 as if stated fully

herein.

58. At the said time and place, Plaintiff, without any just cause or provocation was assaulted and intentionally injured by Defendants, acting within the scope of their employment, "under color of law", and on behalf of their employer, N.Y.P.D., and the Defendant City.

59. By reason of said assault and battery, including an unlawful strip-search at the precinct, Plaintiff sustained serious, severe and permanent personal injuries as aforesaid for which all Defendants are liable.

60. The aforesaid incident and resulting injuries to Plaintiff was caused without any fault of Plaintiff contributing thereto.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 USC Sec. 1983 and 42 USC Sec. 1985, and violated Plaintiff's rights under State law; and,

2. Enter a judgment, jointly and severally, against defendants Holder and "John Doe" for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendants Holder and "John Doe" for punitive damages in the amount of Three Million ($3,000,000.00) Dollars; and,

4. Enter an Order:

   a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

   b) Granting such other and further relief which to the Court seems just and proper.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
February 1, 2011

**RESPECTFULLY,**

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
325 Broadway, Suite 505
New York, New York 10007
(212) 941-8330
(SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
       February 1, 2011

_____
STEVEN A. HOFFNER, Esq.
(SH-0585)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

JACQUES STERLIN,

                        Plaintiff,                VERIFIED
                                          COMPLAINT
      -against-                     AND DEMAND FOR
                                          <u>A JURY TRIAL</u>

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICERS
"JOHN DOE (1)-(4)", EACH SUED
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY,

                        Defendants.

--------------------------------------------------------X

Steven Hoffner, Esq.
325 Broadway, Suite 505
New York, New York 10007